IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, #113338, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-705-TMH |
| ) | [WO] |
| ) | |
| BILL WYNNE, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE[1]**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This civil action is currently before the court as a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Michael Williams ["Williams"], a state inmate, in July of 2010. In this petition, Williams challenges a March 31, 2009, decision to deny him parole.

Williams filed a writ of certiorari in the Circuit Court of Montgomery County, Alabama seeking relief from the 2009 decision denying him parole in which he argued that reliance on disciplinary infractions contained in his institutional file during the parole consideration process subjected him to double jeopardy and denied him equal protection. *Respondents' Exhibit A (Writ of Certiorari) - Doc. No. 15-1* at 2-3. The trial court issued an order denying the writ "find[ing] that the Parole Board did not act outside of its

---

[1]All exhibit page numbers referenced herein are those assigned by this court in the docketing process.

authority" in relying on the petitioner's prison disciplinary record to determine his suitability for release on parole. *Respondents' Exhibit C - Doc. No. 15-1 at 20.* The court further determined that Williams "failed to state an equal protection claim" as he did not assert that he was similarly situated with other inmates who received more favorable treatment, nor did he allege that the parole board acted with discriminatory intent. *Id*.

Williams appealed the trial court's order denying his writ of certiorari. On April 16, 2010, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the decision of the trial court. *Respondents' Exhibit D - Doc. No. 15-1 at 21-22.* The appellate court's opinion, in relevant part, reads as follows:

> Williams argues that the Board's reliance on prison disciplinary proceedings for which he had been sanctioned [by correctional officials while incarcerated] resulted in his being punished twice for those disciplinaries, which he contends constituted a violation of principles of double jeopardy. However, "'[t]he Double Jeopardy Clause does not apply to actions that are not "essentially criminal." . . . Nor does it apply to disciplinary, parole, probation, or bond revocation hearings, because they are administrative proceedings.'" Bostwick v. State, 808 So.2d 68, 70 (Ala.Crim.App. 2001), quoting Coleman v. State, 642 So.2d 532, 534 (Ala.Crim.App. 1994), quoting in turn Project: Twenty Second Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 1029, 1221 (1993). Rather, other than relying on false information or denying parole for arbitrary or capricious reasons, the Board has nearly unfettered discretion in the granting of parole. See Tedder v. Alabama Bd. of Pardons and Paroles, 677 So.2d 1261 (Ala.Crim.App. 1996) and Bostwick v. Alabama Board of Pardons and Paroles, 865 So.2d 1245 (Ala.Crim.App. 2003). Thus, because double-jeopardy principles do not apply to parole proceedings, Williams is not entitled to any relief on this claim.
> Williams also avers that his equal protection rights have been violated.

>However, his argument consists only of bare allegations, and he has not presented any allegations as to how he is allegedly being treated differently from other similarly situated inmates. See generally <u>Farrior v. State</u>, 728 So.2d 691 (Ala.Crim.App. 1998). Therefore, he is not entitled to relief in this regard.
>
>For the above-stated reasons, we affirm the circuit court's judgment.

*Respondents' Exhibit D - Doc. No. 15-1* at 21-22. The Alabama Supreme Court denied Williams' petition for writ of certiorari and issued the certificate of judgment on June 18, 2010. *Respondents' Exhibit F - Court Doc. No. 15-1* at 24.

In the instant petition for habeas relief, Williams asserts the following claims for relief:

>1. The parole board deprived Petitioner of his liberty interest in parole when it denied parole based on disciplinary actions contained in his prison file for which he had already been sanctioned constituting a violation of double jeopardy.
>
>2. The parole board improperly denied Petitioner of the equal opportunity for parole by utilizing his prison record in the decision making process.

*Petition for Writ of Habeas Corpus - Doc. No. 1* at 4.

In their answer to the petition, the respondents argue that Williams is entitled to no relief from this court on his double jeopardy and equal protection claims as the state courts properly adjudicated each of these claims on the merits. *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on

the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000). The respondents also maintain that to the extent that Williams alleges the denial of a liberty interest in parole this claim is without merit, as "Alabama parole statutes do not create a liberty interest in parole and are not subject to the due process protections under the Due Process Clause of the Fourteenth Amendment to the U. S. Constitution." *Respondents' Answer - Court Doc. No. 15* at 3. Finally, the respondents maintain that the use of documents contained in Williams' prison file during the parole consideration process is allowed under state law, *Ala. Code* § 15-22-28(a), and does not violate the Constitution or federal law. *Id.* at 6-7.

Upon review of the § 2254 petition, the answer of the respondents, Williams' response to the answer, the state court record, orders/opinions issued by the state courts and applicable federal law, this court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## II.  ANALYSIS OF CLAIMS

### A.  Due Process - Alleged Liberty Interest in Parole

Williams maintains that members of the Alabama Board of Pardons and Paroles deprived him of his "liberty interests of parole opportunity" by relying on information

contained in his institutional file to determine his suitability for release on parole. *Petition for Writ of Habeas Corpus - Doc. No. 1* at 4. Williams asserts that this action is not authorized by state law. *Id.*

Contrary to the assertion made by Williams, state law explicitly allows members of the Alabama Board of Pardons and Paroles to use "reports and other information as the board may require from the Board of Corrections or any of its officers, agents or employees" when determining the feasability of granting a prisoner release on parole. *Ala. Code* § 15-22-28(a). Moreover, it is "the duty of the Board of Corrections to cooperate with the Board of Pardons and Paroles for the purpose" of providing information to the parole board for its consideration. *Ala. Code* § 15-22-28(b). Thus, plaintiff's claim regarding unauthorized action is patently frivolous. In addition, it is clear that reliance on an inmate's institutional disciplinary record in determining his suitability for release on parole is not arbitrary or capricious, but reasonable and appropriate.

With respect to plaintiff's assertion of a liberty interest in receiving parole, this claim likewise entitles Williams to no relief. "The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole.... When the statute is framed in discretionary terms there is not a liberty interest

5

created.... Alabama parole statutes do not create a liberty interest [in parole]...." *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982). This court's exhaustive review of the history of the Alabama parole statute establishes that from its inception the statute has been framed in discretionary terms. The law is well settled that "the mere possibility of parole provides simply 'a hope that is not protected by due process....' ... [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

To the extent that Williams argues that the parole statutes create a liberty interest in parole consideration and, therefore, the consideration process must comport with due process, this claim is foreclosed by *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 941-942 (11th Cir. 1982). In *Slocum*, the Eleventh Circuit deemed such a "unique theory ... without merit." 678 F.2d at 942. The relevant portion of the appellate court's opinion reads as follows:

> Petitioner argues that even if there is no statutorily created liberty interest in parole, particular [statutory parole] provisions ... create a protectable entitlement to parole consideration. Specifically, petitioner cites the requirement ... that parole consideration "shall be automatic" upon the expiration of a set period of confinement and language ... that the board include in the parole file "as complete information as may be practically available...." If these provisions create a protectable expectancy in parole consideration, petitioner argues that the consideration must comport with due

> process standards. Petitioner's unique theory is without merit. Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date." Accordingly, in the instant case petitioner['s] ... allegation that the ... parole board has not accorded him adequate parole consideration does not entitle him to [relief].

*Slocum*, 678 F.2d at 942.

Williams does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution. *Heard v. Georgia State Board of Pardons and Paroles*, 222 Fed. Appx. 838, 840 (11th Cir. 2007); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Absent the existence of a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum*, 678 F.2d at 942. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas*, 691 F.2d

at 488-489, or the parole consideration process. *Slocum*, 678 F.2d at 942. Consequently, it is clear that Williams does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution and is therefore entitled to no relief on this claim. *Heard v. Georgia State Board of Pardons and Paroles*, 222 Fed. Appx. 838, 840 (11th Cir. 2007); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489.

### B. Claims Adjudicated by the State Courts

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"]. "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518. Under 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively

9

unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Clearly established federal law is ***not*** the law of the lower federal courts, including this court. Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.' *Williams*, 529 U.S. at 412, 120 S.Ct. at 1523." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original).

It is clear that "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning. 529 U.S., at 404–405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [United States Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts. *Id.,* at 405–406, 120 S.Ct. 1495. The [district] court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407–408, 120 S.Ct. 1495. The focus of the latter

inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409–410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly')." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Windom v. Secretary, Dept. of Corrections*, 578 F.3d 1227 (11th Cir. 2009) ("A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's.") (quotation and other marks omitted); *Williams*, 529 U.S. at 411, 120 S.Ct. at 1522 ("Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Putman*, 268 F.3d at 1241 ("A state court conducts an 'unreasonable application' of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case.").

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. Additionally, "[t]he usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings ... demands that state-court decisions be given the benefit of the doubt.' *Woodford v. Visciotti*, 537 U.S.

12

19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (internal citation omitted)." *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 748 (11th Cir. 2010). "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument." *Smith v. Secretary, Dept. of Corrections*, 572 f.3d 1327, 1333 (11th Cir. 2009). "All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion." *Parker v. Secretary, Dept. of Corrections*, 331 F.3d 764, 776 (11th Cir. 2003).

    1. <u>Double Jeopardy</u>.[2]  Williams complains that any reliance by parole board members on the disciplinary actions referenced in his inmate file during the 2009 parole consideration process constituted a violation of his double jeopardy rights as he had previously been punished for the disciplinary actions by correctional officials. *Petition for Writ of Habeas Corpus - Doc. No. 1* at 3. The state courts determined that the action of the parole board in denying Williams release on parole in March of 2009 did not constitute a violation of the Double Jeopardy Clause. Specifically, the Alabama Court of Criminal Appeals determined that disciplinary proceedings are not criminal actions and, therefore, the parole board could use Williams' prison disciplinary record in determining whether he

---

[2]The Double Jeopardy Clause of the Fifth Amendment protects against multiple prosecutions and punishments for the same criminal offense. *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996).

should be released on parole. This court must therefore decide whether the rejection of Williams' double jeopardy claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented...."). 28 U.S.C. § 2254(d)(1) and (2); *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 745 (11th Cir. 2010); *Hammond v. Hall*, 586 F.3d 1289, 1306 (11th Cir. 2009).

Federal law is well settled that the Double Jeopardy Clause is applicable only to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519, 528 (1975). An administrative proceeding, such as the parole consideration process, "is not part of a criminal prosecution" because such proceeding is not an "action[] intended to authorize criminal punishment to vindicate public justice," but is, instead, remedial in nature "to help individuals reintegrate into society as constructive individuals as soon as they are able." *Id*. at 529; *Morrissey v. Brewer*, 408 U.S. 471, 477-480 (1977); *see also Garcia v. United States*, 769 F.2d 697, 700 (11th Cir. 1985) (double jeopardy does not apply to parole revocations); *United States ex rel. McClure v. Patton*, 624 F.Supp. 56, 61 (E.D. Pa. 1985) (court declined to apply Double Jeopardy Clause to parole board proceedings). Moreover, the denial of parole, the result of which merely requires Williams to continue service of his commitment sentence, did not constitute double jeopardy because the parole board's decision failed to subject Williams

14

to either a second criminal prosecution or to multiple or increased punishment for the criminal offense on which is incarcerated. *See generally United States v. DiFrancesco*, 449 U.S. 117, 129 (1980); *Coronado v. United States Board of Pardons and Parole*, 540 F.2d 216, 218 (5th Cir. 1976) (denial of release on parole not additional punishment prohibited by the Double Jeopardy Clause).

Neither the Circuit Court of Montgomery County nor the Alabama Court of Criminal Appeals decided the double jeopardy claim "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523. Consequently, the rejection of these claims by the state courts was not contrary to actual Supreme Court decisions. Moreover, a thorough review of the evidentiary materials submitted in this case establishes that denial of the double jeopardy claim by the state courts was objectively reasonable. The decisions issued by the Circuit Court of Montgomery County and the Alabama Court of Criminal Appeals likewise constituted reasonable determinations of the facts in light of the evidence presented by the parties. Williams is therefore due no relief from this court on his claim alleging a violation of the Double Jeopardy Clause.

    2.  <u>Equal Protection</u>.  Both the trial court and the Alabama Court of Criminal Appeals determined that Williams' equal protection claim consisted of a mere allegation

15

which entitled him to no relief as he failed to assert differential treatment from similarly situated inmates based on a constitutionally impermissible reason. Williams makes the same conclusory allegation of an equal protection violation to this court.

In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; ***and*** (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006) (emphasis added). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation

omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the petitioner challenges actions of parole officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). The mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

Williams fails to identify any similarly situated inmate who received differential favorable treatment in the parole consideration process. Thus, Williams' "equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319. The equal protection claim likewise provides no basis for relief

> because [Williams] has not alleged ... that he was treated differently on account of some form of ***invidious discrimination*** tied to a constitutionally protected interest. He has not even claimed that he was treated differently from others because of race, religion, or national origin [and actually concedes such is not the case]. *See Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944) ("The unlawful administration ... of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."); *McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991)

> (rejecting a claim that a state prisoner's equal protection rights were violated because he received a longer sentence than some other prisoners and holding that "a mere demonstration of inequality is not enough; the Constitution does not require *identical* treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises: it is a settled rule that the Fourteenth Amendment guarantees equal laws, not equal results." (internal quotation marks omitted)); *see also Cruz v. Skelton,* 543 F.2d 86, 92-93 (5th Cir.1976) (affirming dismissal of prisoner's equal protection claim because there was no allegation of "'invidious discrimination' based on such considerations as race, religion, national origin, or poverty").

*Sweet*, 467 F.3d at 1319 (emphasis in original).

In light of the foregoing, the court concludes that the decisions issued by the state courts were not contrary to clearly established federal law as determined by the United States Supreme Court. Furthermore, a thorough review of the evidentiary materials submitted in this case establishes that these decisions were objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Thus, federal habeas relief is unwarranted on Williams' equal protection challenge to the adverse decision issued by the parole board.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Michael Williams be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before August 8, 2013 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

DONE, this 25th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE